59 A.3d 1070

Bernadine I. SMITH et al.

v.

JOHNS HOPKINS COMMUNITY PHYSICIANS, INC.

No. 1191, Sept. Term, 2012.

Court of Special Appeals of Maryland.

Jan. 23, 2013.

Katharine O. Porwick (Michael P. Smith, Salsbury, Clements, Bekman, Marder & Adkins, LLC, on the brief) Baltimore, MD, for appellant.

Nicole A. McCarus (Christina N. Billiet, Waranch & Brown, LLC, on the brief) Lutherville, MD, for appellee.

Panel: EYLER, DEBORAH S., HOTTEN, CHARLES E. MOYLAN, JR. (Retired, Specially Assigned), JJ.[1]

CHARLES E. MOYLAN, JR. (Retired, Specially Assigned), J.

When more than one venue is legally proper for the trial of a case, the possibility of transferring the case from a less convenient, albeit legally proper, forum to a more convenient forum has been a part of Maryland law since 1984. In that year the Court of Appeals promulgated Maryland Rule of Procedure 2–327(c),[1] which provides:

(c) **Convenience of the Parties and Witnesses.**—On motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice.

The mildly ponderous Latin tag of *forum non conveniens* which we place on this procedural phenomenon refers, of course, to the inconvenient or less convenient forum from which transfer is sought to a "forum more convenient" or, should the classicists insist, a *forum conveniens*.

Now before us, in a nutshell, is a case in which the plaintiffs filed their claim in Baltimore City; the defendant sought a transfer to Baltimore County on the ground of *forum non conveniens*; the trial judge granted the transfer; and the plaintiffs have appealed. The case is a perfect vehicle to examine, one-by-one, the elements of *forum non conveniens* law.

---

1. Nazarian, Douglas R., J., did not participate in the Court's decision to report this opinion pursuant to Md. Rule 8–605.1.

1. Section (c) of Maryland Rule 2–327 was derived from 28 U.S.C. § 1404(a). "Consequently the federal law construing § 1404(a) is highly persuasive in our analysis" of Rule 2–327(c). *Odenton Development Co. v. Lamy,* 320 Md. 33, 40, 575 A.2d 1235 (1990).

## The Present Case

This medical malpractice and wrongful death action was filed in the Circuit Court for Baltimore City on April 18, 2012, by the appellants, Bernadine I. Smith as personal representative of the estate of William P. Smith, Jr.; by Bernadine I. Smith as the surviving spouse; and by the three surviving children of William P. Smith, Jr. The suit was brought against the appellee, the Johns Hopkins Community Physicians, Inc.

On June 15, 2012, the appellee filed a Motion to Transfer the case from Baltimore City to Baltimore County on the ground of *forum non conveniens.* On July 16, 2012, Judge Evelyn Omega Cannon granted the Motion to Transfer. The appellants appeal that granting of the motion, claiming 1) that it was substantively erroneous on the merits of the transfer issue and 2) that, quite aside from the merits, it was procedurally erroneous because Judge Cannon failed to exercise her discretion.

## An Expedited Appeal

By agreement of all parties, this case comes to us as an expedited appeal pursuant to Maryland Rule of Procedure 8–207(b). Oral argument before this Court took place on January 11, 2013. Accordingly, our decision in this case should be rendered within 20 days of argument, to wit, no later than January 31, 2013.

## Immediate Appealability

This case, of course, has not yet been tried. That is, indeed, part of the reason why it is before us on an expedited schedule. The whole procedural phenomenon of transferring venue is an instance of pre-combat maneuvering for advantageous position. Good tacticians always carefully scrutinize the topography before battle is joined. Under the circumstances, the question naturally arises as to whether the case is, in its present posture, immediately appealable or whether the grant of the transfer is but a non-appealable interlocutory order.

■    The case law makes it clear in that regard that al-though a denial of a transfer of venue is not immediately appealable, the granting of such a motion is.   Judge Sharer dealt with appealability in *Cobrand v. Adventist Healthcare, Inc.,* 149 Md.App. 431, 437–38, 816 A.2d 117 (2003):

> We first review whether the grant of a motion to transfer is immediately appealable. . . . *The grant of a motion to trans-fer is an immediately appealable final judgment, whereas the denial of such a motion is not.*   . . . Because appellants challenge the grant of appellee's motion, this case is proper-ly before us on appeal.

(Emphasis supplied).   In *Payton–Henderson v. Evans,* 180 Md.App. 267, 281, 949 A.2d 654 (2008), this Court reaffirmed that earlier holding:

> Judge Russell's decision to transfer the case to Baltimore County on the ground of *forum non conveniens* was a final order within the contemplation of Courts and Judicial Pro-ceedings Article, §§ 12–101(f) and 12–301.   Although the denial of a motion to transfer a case would be only interlocu-tory and not immediately appealable, *the affirmative order of transfer is susceptible to immediate appellate review.*

(Emphasis supplied).

In *Brewster v. Woodhaven Building and Development, Inc.,* 360 Md. 602, 615–16, 759 A.2d 738 (2000), Judge Raker explained the rationale behind this transfer/nontransfer di-chotomy:

> *[A]n order putting an appellant out of a particular court is* also *a final judgment.*   It follows that *an order transferring a case from one circuit court to another,* for proper venue or *for a more convenient forum, and thereby terminating the litigation in the transferring court, is a final judgment and thus immediately appealable.*   At the same time, an order denying a motion to transfer is not an immediately appealable final judgment, because the litigation may con-tinue in the court issuing the order.

(Emphasis supplied).   *Smith v. State Farm Mutual Auto. Ins. Co.,* 169 Md.App. 286, 293, 900 A.2d 301 (2006); *DiNapoli v.*

*Kent Island, LLC,* 203 Md.App. 452, 470, 38 A.3d 509, *cert. granted,* 427 Md. 62, 46 A.3d 404 (2012).

In *Payton–Henderson v. Evans,* 180 Md.App. at 282, 949 A.2d 654, this Court went on to treat the converse:

> The flip side of the coin, the principle that the denial of a requested transfer of venue is not immediately appealable, is attested by *Lennox v. Mull,* 89 Md.App. at 559–64 [598 A.2d 847] ("[T]he order denying appellant's petition for a change of venue is not immediately appealable."). Thus, for appealability purposes, venue issues and *forum non conveniens* issues are treated the same way. In either legal context, *the grant of a change of venue is immediately appealable; but the denial of a change is not.*

(Emphasis supplied). The present case, wherein the transfer was granted, is, therefore, properly before us.

### The Allocation of the Burden of Persuasion

■ To the moving party is allocated the burden of persuasion. In *Odenton Dev. Co. v. Lamy,* 320 Md. 33, 40, 575 A.2d 1235 (1990), Judge Chasanow made that allocation of the burden explicit:

> It is the moving party who has the burden of proving that the interests of justice would be best served by transferring the action.

In *Leung v. Nunes,* 354 Md. 217, 229, 729 A.2d 956 (1999), Judge Rodowsky explained why the proponent of the transfer of venue, bearing the burden of proof, thereby loses the evidentiary tie.

> [If] the balancing of factors produces an equipoise, ... the plaintiffs' choice of forum controls.

In *Payton–Henderson v. Evans,* 180 Md.App. at 284–85, 949 A.2d 654, this Court similarly observed:

> Judge Russell properly allocated the burden of persuasion to the defendants and properly described what that burden embraced:

It is the moving party who has the burden of [showing that] the interest of justice would best be served by transferring this action.

*Smith v. State Farm Mutual,* 169 Md.App. at 296–97, 900 A.2d 301. In this case, the appellee bore the burden of justifying the transfer.

## The Merits of the Transfer

The primary plaintiff, Bernadine I. Smith, lives in Baltimore County in the same home where she lived with her late husband during all of the nine years when he was being treated for a cardiac condition by the appellee. One of her children lives there with her. The other two plaintiffs live in Harford County and in Delaware. The office of the appellee is, and for the entire nine years that the decedent was under its care was, in White Marsh in Baltimore County. Dr. Raymond H. Zollinger is an employee of the appellee and was the primary care physician for the decedent during the entire nine-year period of his treatment. Dr. Zollinger lives on Caves Road in Baltimore County. All of the treatment that the decedent received at the hands of Dr. Zollinger took place in Baltimore County.

## The Abuse of Discretion Standard

In our assessment of the propriety of Judge Cannon's decision to transfer the case to Baltimore County on the basis of *forum non conveniens,* the controlling criterion is that of whether she abused her discretion. As the Court of Appeals noted in *Odenton Dev. Co. v. Lamy,* 320 Md. at 40, 575 A.2d 1235, "When determining whether a transfer of the action for the convenience of the parties and witnesses is in the interest of justice, a court is vested with wide discretion." "When reviewing a motion to transfer, a reviewing court should be reluctant to substitute its judgment for that of the trial court." *Wagner v. Wagner,* 109 Md.App. 1, 52, 674 A.2d 1, *cert. denied,* 343 Md. 334, 681 A.2d 69 (1996); "The *forum non conveniens* determination is committed to the sound discretion of the trial court ... [and] may be reversed only

when there has been a clear abuse of discretion." *Urquhart v. Simmons,* 339 Md. 1, 17, 660 A.2d 412 (1995). We are loath to interfere.

### Handling the Plaintiffs' Choice of Forum

■■ We hold that Judge Cannon did not abuse her discretion in granting the transfer. A number of factors militated in favor of the transfer. The only factor arguably tilting against it is the prerogative routinely extended to a plaintiff, faced with the option of two or more permissible trial venues, to make the choice of his preferred venue. "[W]hen multiple venues are jurisdictionally appropriate, a plaintiff has the option to choose the forum." *Cobrand v. Adventist Healthcare,* 149 Md.App. 431, 439, 816 A.2d 117 (2003). "Due consideration must ... be given to the plaintiff's selection of forum." P.V. Niemeyer and L.M. Schuett, *Maryland Rules Commentary* (2d ed.1992, pp. 215–16).

Under certain circumstances, however, the impact of that anti-transfer factor is significantly diminished. In *Stidham v. Morris,* 161 Md.App. 562, 569, 870 A.2d 1285 (2005), Judge (now Chief Judge) Krauser pointed out the countervailing rationale that, where the plaintiff does not live in the forum he initially chooses, the plaintiff's choice of forum is entitled to "little deference and thus little weight":

> We therefore conclude that, *because appellant is a resident of* the transferee jurisdiction, *Baltimore County, his choice of Prince George's County,* which "has no meaningful ties to the controversy and no particular interest in the parties or subject matter," *is entitled to little deference and thus little weight* when the factors for and against transfer are weighed. *Offsetting whatever minimal weight is attributable to appellant's choice,* under the circumstances of this case, is the fact that, *in addition to being appellant's residence, Baltimore County is the place where the accident occurred.*

(Emphasis supplied). *Murray v. TransCare Maryland, Inc.,* 203 Md.App. 172, 191, 37 A.3d 987 (2012) ("[L]ess deference should be accorded to a plaintiff's choice when the plaintiff is

not a resident of the forum."); *Thompson v. State Farm Mutual,* 196 Md.App. 235, 252–53, 9 A.3d 112 (2010); *Smith v. State Farm Mutual,* 169 Md.App. 286, 300, 900 A.2d 301 (2006) ("Deference to the plaintiff's choice is even further discounted when the forum initially chosen by the plaintiff has no meaningful connection to the suit."); *Cobrand v. Adventist Healthcare, Inc.,* 149 Md.App. 431, 440, 816 A.2d 117 (2003) ("'The plaintiff's choice . . . is not an absolute and uncontrolled privilege that is determinative under present *forum non conveniens* law.").

■ We also pointed out in *Payton–Henderson v. Evans,* 180 Md.App. at 287, 949 A.2d 654, moreover, that the plaintiff's entitlement to pick the forum has already been figured into the transfer calculus by virtue of 1) allocating the burden of proof to the party requesting the transfer and 2) putting on that party "a heavy burden of persuasion." It is, therefore, unnecessary to place the plaintiff's choice of forum on the scale yet again as a factor in the ultimate balancing. It has already been given the weight that it deserves in the procedural scheme and should not be given double weight:

> Whenever the trial of a case is transferred from one venue to another on the ground of *forum non conveniens,* the self-evident effect is that other considerations have operated to override the plaintiff's choice of forum. That initial choice of forum by a plaintiff is an ever-present consideration in these transfer cases and is not lightly to be dismissed. As the Court of Appeals pointed out in *Urquhart v. Simmons,* however, the *plaintiff's choice of forum need not be articulated and evaluated all over again as a "factor" in the weighing process for the reason that it has already been factored into the burden of persuasion itself, casting upon the defendants a heavy burden of persuasion. Having thus already been figured into the weighing process, indeed actually configuring the weighing standard, it need not be counted a second and redundant time.*

(Emphasis supplied).

■ The statements in the case law about the deference to be given to a plaintiff's choice of forum, moreover, are guide-

lines for the trial judge and not a standard of appellate review. As this Court explained in *Payton–Henderson v. Evans,* 180 Md.App. 267, 287, 949 A.2d 654 (2008):

> A *statement* in the caselaw *about the burden of persuasion's* being a heavy one *is a guideline for the trial judge and not a standard of appellate review.* Once the trial judge enters into the balancing process, the discretion entrusted is extremely wide and *the appellate deference owed is concomitantly wide.*

(Emphasis supplied).

In the present case, none of the appellants were residents of Baltimore City, the forum initially selected by them. During the entire nine years of medical treatment in Baltimore County, both the decedent and his surviving widow lived continuously in Baltimore County, the venue ultimately selected. The appellants' reason for that initial choice of Baltimore City may well have been aptly characterized by Judge Krauser in *Stidham v. Morris,* 161 Md.App. at 565, 870 A.2d 1285:

> Although no rationale was offered by appellant for his choice of forum, his selection suggests that, *while home may be where the heart is, it is not necessarily where the largest recovery lies.*

(Emphasis supplied). The only entity in this case with an address in Baltimore City is the law firm representing the appellants. That, of course, is not a legally cognizable consideration in the convenience equation.

### The Convenience Factor

In deciding whether to transfer a case on the grounds of *forum non conveniens,* the trial judge must consider the two factors of 1) the convenience of the parties and witnesses and 2) the interests of justice. In *Murray v. TransCare Maryland,* 203 Md.App. at 192, 37 A.3d 987, Judge Watts discussed the convenience factor:

> The convenience factor consists of *the convenience of the parties and witnesses.* In *Payton–Henderson,* this Court's review of the convenience of the parties and non-expert

witnesses *centered around where the parties and witnesses lived and worked in relation to the court.* As to expert witnesses, however, this Court has given little weight to their convenience.

(Emphasis supplied). *See also Stidham v. Morris,* 161 Md. App. at 568, 870 A.2d 1285.

■ The key appellant, Bernadine Smith, lives in Baltimore County. One child lives with her in Baltimore County. Her other two children live north and east of Baltimore County, in Harford County and Delaware, respectively. The defendant-appellee, the Johns Hopkins Community Physicians, Inc., has its headquarters in White Marsh in Baltimore County. Not a single party lives in Baltimore City. Dr. Zollinger, the doctor charged with medical malpractice, lives in Baltimore County. During the nine years of the decedent's treatment, that treatment was all received at the hands of Dr. Zollinger in Baltimore County at the White Marsh office of the appellee. The case has no direct connection whatsoever with Baltimore City.

The appellants claim, purely in the abstract, that yet unidentified expert witnesses, "probably traveling in from out of state," will find Baltimore City a more convenient forum because of Baltimore's airport and train station. (Is not Baltimore County served by the same transportation hubs?) In *Payton–Henderson v. Evans,* 180 Md.App. at 291–92, 949 A.2d 654, however, this Court discussed the slight weight given to the convenience of expert witnesses:

> This Court has touched on the subject in both *Cobrand v. Adventist,* 149 Md.App. at 433–36 [816 A.2d 117], and *Smith v. State Farm,* 169 Md.App. at 301–02 [900 A.2d 301]. In *Cobrand,* the appellants, objecting to a transfer of venue, "contend[ed] that the circuit court erred by considering only the convenience of prospective lay witnesses and did not consider any other factors." 149 Md.App. at 440 [816 A.2d 117]. In *Smith v. State Farm,* the appellant, challenging a transfer of venue, complained that the convenience of "his expert witness," a Baltimore City doctor, had not received

proper consideration. 169 Md.App. at 292 [900 A.2d 301]. This Court, building on *Cobrand,* observed:

> The only allegation that Smith makes with respect to a Baltimore City connection is that he plans to call, as an expert witness, a doctor whose office is in Baltimore City. In *Cobrand v. Adventist, we affirmed the decision of Prince George's County Circuit Judge William D. Missouri to order a transfer from his county to Montgomery County. We quoted at length from his ruling, with apparent approval.* Part of Judge Missouri's analysis was:
>
> > *I don't consider experts as being disadvantaged, regardless of where they have to travel.* They're experts and they have chosen that as part of their profession, that testifying as experts in cases is something that is desirable and, obviously, is also necessary for the transaction of court business. But *the experts have made their decision as to what they are going to do. It's the person who is not a "professional witness" that I am concerned about.*
>
> 149 Md.App. at 435 [816 A.2d 117] (emphasis supplied).

(Emphasis supplied). *See also Stidham v. Morris,* 161 Md. App. at 571, 870 A.2d 1285 ("[T]he convenience of an expert witness is entitled to little consideration."); *Smith v. State Farm,* 169 Md.App. at 302, 900 A.2d 301 ("Smith's allegation about his possible expert is entitled to some weight, *but not much.*") (emphasis supplied).

Only two experts, moreover, have thus far been named, both by the appellee. One of them, Dr. James G. Ebeling, an internist, both lives and works in Baltimore County. The other, Dr. Carlos S. Ince, a cardiologist, lives in Baltimore County. The appellants have failed to identify a single witness for whom Baltimore City would be a more convenient forum. The convenience factor tilts decidedly in favor of Baltimore County.

## The Interests of Justice Factor

In *Murray v. TransCare Maryland,* 203 Md.App. at 192–93, 37 A.3d 987, this Court discussed some of the key factors that enter into the "interests of justice" consideration:

Public interests of justice include: (1) considerations of court congestion; (2) the burden of jury duty; and (3) local interest in the matter at hand.

The case now before us involves allegedly tortious conduct (medical malpractice) that took place over the course of nine years, exclusively in Baltimore County. The victim was at all pertinent times a resident of Baltimore County. The treating physician was at all pertinent times a resident of Baltimore County. The medical treatment in issue all took place in Baltimore County at the appellee's medical office located in Baltimore County. There would appear to be no justification whatsoever for imposing the burden of adjudicating this case on the court system of Baltimore City or of imposing the burden of jury duty on the citizens of Baltimore City. What we said under comparable circumstances in *Payton–Henderson v. Evans,* 180 Md.App. at 294, 949 A.2d 654, is equally applicable here:

*A possibly protracted trial* involving numerous witnesses *is a burden* properly to be assumed by the Baltimore County court system and not one *that should be foisted onto the strained court system of Baltimore City. There is no reason,* moreover, *why the cost and obligation of jury service should be cast upon the citizens of Baltimore City for the trial of a matter of more vital and immediate concern to the citizens of Baltimore County.*

(Emphasis supplied). In *Johnson v. G.D. Searle & Co.,* 314 Md. 521, 526, 552 A.2d 29 (1989), the Court of Appeals quoted with approval from *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947):

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. *Jury duty is a burden that ought not to be imposed*

*upon the people of a community which has no relation to the litigation.*

(Emphasis supplied). *See also Thompson v. State Farm Mutual,* 196 Md.App. at 253, 9 A.3d 112 ("There is no local interest in burdening a Baltimore City jury with deciding this case. The collision occurred in Anne Arundel County. That is where the appellant resides."); *Stidham v. Morris,* 161 Md.App. at 569, 870 A.2d 1285.

In no way could the decision of Judge Cannon to transfer this case to Baltimore County be deemed an abuse of discretion, either on the merits of relative convenience or upon the consideration of public interests.

### Procedural Considerations

Quite aside from the merits of the transfer, however, the appellants mount an independent procedural attack, alleging that Judge Cannon failed to exercise her discretion. The argument is that the failure actually to exercise discretion is *ipso facto* a reversible abuse of discretion even if, by random chance, the resulting decision could otherwise be justified by the evidence before the court. It is, however, an attack on procedure in a substantive vacuum.

### A. Failure to Hold a Hearing

The appellants cite as an instance wherein Judge Cannon allegedly did not exercise her discretion the fact that she did not hold a hearing on the Motion to Transfer. They cite no law, however, for the proposition that a hearing in such a case is required. Ironically, moreover, the appellants never requested a hearing. Preservation, however, is the least of their problems.

In the first of the long line of Maryland cases on *forum non conveniens,* the Court of Appeals in *Odenton Dev. Co. v. Lamy,* 320 Md. at 41, 575 A.2d 1235, made it clear that a hearing is not required:

The trial judge could properly conclude that all, or almost all, of the witnesses would be from Anne Arundel County.

Indeed, this conclusion was ultimately proven to be correct since five of the six witnesses who testified at trial were from Anne Arundel County. And while it might have been a better practice to hold a hearing, *the rules do not mandate a hearing on a motion to transfer.* Maryland Rule 2–311(f). *We therefore find that the transferring court did not abuse its discretion either in declining to hold a hearing* or in transferring the case to the Circuit Court for Anne Arundel County for the convenience of the parties and witnesses.

(Emphasis supplied). *See also Smith v. State Farm Mutual,* 169 Md.App. at 302, 900 A.2d 301 ("[T]he decision as to whether one [a hearing] is necessary is entrusted to the discretion of the trial judge on a case-by-case basis.").

## B.   The Articulation of Reasons

In a further effort to confect procedural error out of the total absence of substantive error, the appellants completely misread the case law that they cite. They rely heavily on *DiNapoli v. Kent Island, LLC,* 203 Md.App. 452, 38 A.3d 509, *cert. granted,* 427 Md. 62, 46 A.3d 404 (2012). The appellants argue, "[u]nder an almost factually identical situation, this Court held that failure by the circuit court to consider and weigh the articulated factors constitutes an abuse of discretion that requires reversal and remand."

That case and this, however, could not be more dissimilar. In *DiNapoli,* the Queen Anne's County circuit court was reversed for transferring a case to Anne Arundel County. The dominant analysis of the case and its primary holding centered on this Court's conclusion that Anne Arundel County was an improper venue as a matter of law:

It is equally evident, as conceded by Kent Island at oral argument, that CJP § 6–201, 6–202, and 6–203 *do not provide for venue in Anne Arundel County. ... The Circuit Court* for Queen Anne's County *abused its discretion in transferring the case to another circuit court*—the Circuit Court for Anne Arundel County—*when that circuit court did not have venue.*

203 Md.App. at 472, 38 A.3d 509 (emphasis supplied). That holding has nothing to do with *forum non conveniens* law or with the failure to articulate the balancing process.[2]

In emphasizing how abjectly wrong the circuit court ruling had been, our opinion in *DiNapoli* pointed out that even under *forum non conveniens* law, the transfer could not be sustained. Such a transfer can only be made to a county where the case could properly have been brought in the first instance. Our opinion pointed out in this regard, "It is evident that venue was not proper in Anne Arundel County, so no action could have been brought there." 203 Md.App. at 474, 38 A.3d 509. That was an extra and alternative observation as to why the circuit court had been wrong.

In cataloguing the accumulation of tertiary errors, we then pointed out that there had been presented absolutely no evidence whatsoever of inconvenience of any sort to anyone. The reference to the lack "of any indication that the circuit court undertook" a review was in the context of the lack of "any evidence that the convenience factor required transfer of the case." 203 Md. at 475, 102 A.2d 257. That peripheral observation in *DiNapoli* does not remotely stand for the proposition that even in the presence of bountiful evidence to support a legally proper transfer of venue, the failure of the trial judge to articulate her reasoning would amount to reversible error. Even the third-hand dicta does not argue for procedural review in a substantive vacuum.

The second case relied on by the appellants is *Barufaldi v. Ocean City Chamber of Commerce,* 196 Md.App. 1, 7 A.3d 643 (2010). The case is not only off base; it is not even in the ball park. Barufaldi prevailed in his suit against his former employer under the Maryland Wage Payment and Collection Law ("WPCL"). Barufaldi's contention on appeal was that

---

2. In both *Sigurdsson v. Nodeen,* 180 Md.App. 326, 334–39, 950 A.2d 848 (2008), and *Nodeen v. Sigurdsson,* 408 Md. 167, 176–81, 968 A.2d 1075 (2009), both this Court and then the affirming opinion of the Court of Appeals discussed at length the fundamental difference between 1) improper venue, as a matter of law; and 2) *forum non conveniens,* as a matter of discretion.

the trial judge had abused his discretion in failing to award him any attorney's fees under the fee-shifting provisions of the WPCL. Judge Deborah Eyler's opinion for this Court stated:

> Barufaldi prevailed on his WPCL claim and the jury found in his favor on the related question whether the Chamber withheld incentive compensation on the basis of a bona fide dispute. The latter finding triggered a potential award of reasonable attorney's fees under the statute.

196 Md.App. at 34, 7 A.3d 643. Barufaldi had filed a request for $160,275 in fees and costs. Attached to his motion were billing records and affidavits from counsel and support staff. Without any explanation, the trial court denied the application for attorney's fees. This Court held that that was an abuse of discretion.

> Failure to exercise discretion is itself an abuse of discretion. In the instant case, we cannot tell whether the court exercised discretion in making its ruling or, if it did, how it did. The court denied the fee request outright without any explanation of its reasoning beyond a reference to relying on the Chamber's opposition. *Given that the jury made the predicate finding of willfulness on the part of the Chamber, and given the remedial purposes of the WPCL, it was incumbent upon the trial court to set forth particular circumstances militating against any award of fees in this case.*

196 Md.App. at 36, 7 A.3d 643 (emphasis supplied).

The *Barufaldi* holding thus has no applicability to the present case. The appellants cannot simply cherry-pick a sentence such as, "Failure to exercise discretion is itself an abuse of discretion," off the tree and seek to apply it in a totally different context. In *Barufaldi,* the underlying decision itself was unjustifiable and obviously demanded some explanation by the trial judge.

The case of *Thompson v. State,* 167 Md.App. 513, 526, 893 A.2d 1169 (2006), on which that statement in *Barufaldi* relied, is even further afield. In that case, we reversed a criminal conviction because a trial judge failed to exercise his discretion

in ruling DNA evidence admissible. There simply is no analogy.

The only other decision mentioned by the appellants is *Greater Metropolitan Orthopaedics, P.A. v. Ward,* 147 Md. App. 686, 699, 810 A.2d 534 (2002). *Greater Metropolitan,* however, does not stand for the proposition for which the appellants now cite it. It actually cuts diametrically against their argument. The appellants in that case were contending that they were entitled to a new trial because of two legal errors, one involving waiver and the other involving the inappropriateness of opposing counsel's jury argument. The trial judge recognized the existence of both troubling issues but expressly declined to rule on them for the reason that the case would almost certainly be appealed and that the Court of Special Appeals could then answer the questions that the judge chose to dodge.

> The court believes that the ... motion really raises some questions of law as to this issue of waiver [and] as to the issue of the appropriateness of certain argument. But ... *the court is going to deny the motion for a new trial to allow the Court of Special Appeals to make a determination on a number of issues that might be the subject of appeal in this case.* So that when the case is tried again ... it can be tried in a manner that gives this member of the bench, as well as counsel, some more direction so that we can perhaps avoid any error that might be found to have existed in this trial.

147 Md.App. at 698–99, 810 A.2d 534 (emphasis supplied).

Judge Davis's opinion for this Court held that that explicit abdication of decision-making responsibility constituted an abuse of discretion. The appellee there initially sought to stave off reversal by equating the judge's denial of the motion with a case wherein the judge rules without saying anything. The opinion of this Court expressly rejected such an equivalency:

Appellee contends that the trial court's statement was comparable to a trial judge ruling and saying nothing at all. *We disagree.*

*Id.* at 699, 810 A.2d 534 (emphasis supplied).

Our holding in the case unequivocally distinguished between an explicit abdication of discretionary responsibility and the very different circumstance wherein a judge makes the required ruling but simply does so "without setting forth any reasoning."

> In the case *sub judice*, the trial court failed to exercise discretion. Rather than base its decision on reason and law, the record indicates that the court based its decision solely upon its certainty that this case would be appealed. *Unlike a trial judge, who rules without setting forth any reasoning, the trial court here expressly abdicated its responsibility* to analyze the law and rule upon the motion. This does not amount to an exercise of discretion and, consequently, constitutes a clear abuse of discretion.

147 Md.App. at 699–700, 810 A.2d 534 (emphasis supplied). We expressly distinguished as non-error the silence which the appellants now contend is error *per se*. When a court makes a clear departure from what is legally required, the judge had better have a good reason for doing so and remains silent at his peril. When, on the other hand, the court's actions are clearly in line with proper procedure, that propriety speaks for itself.

### When Silence Is Presumptively Correct

Even if silence is not necessarily golden, it is at least presumptively correct. In the absence of effective rebuttal, judicial silence, as a legal matter, is assumed to be the very fount of wisdom. Judge Sharer's conclusion in *Cobrand v. Adventist Healthcare,* 149 Md.App. at 445, 816 A.2d 117, is a virtual ode to the presumption of judicial correctness:

> *The exercise of a judge's discretion is presumed* to be correct, he is presumed to know the law, and is *presumed to have performed his duties properly.* Absent an indication

from the record that the trial judge misapplied or misstated the applicable legal principles, *the presumption is sufficient for us to find no abuse of discretion.* Additionally, *a trial judge's failure to state each and every consideration or factor in a particular applicable standard does not,* absent more, *constitute an abuse of discretion,* so long as the record supports a reasonable conclusion that appropriate factors were taken into account in the exercise of discretion. *[W]e presume judges to know the law and apply it, even in the absence of a verbal indication of having considered it. [A] judge is presumed to know the law, and thus is not required to set out in intimate detail each and every step in his or her thought process.*

(Emphasis supplied).

## Conclusion

Substantively, we see no error. Baltimore County was far and away a more convenient forum than Baltimore City. A *forum conveniens* is always to be preferred over a *forum non conveniens.* Procedurally, we see no error. Judge Cannon did everything she was required to do and she did it impeccably well.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.**