79 A.3d 995

**Aleksey KULIKOV**

v.

**Kadija BAFFOE–HARDING.**

**No. 1475, Sept. Term, 2012.**

Court of Special Appeals of Maryland.

Nov. 21, 2013.

**194**

Laurie Ann Garey (Progressive House Counsel, on the brief), Owings Mills, MD, for appellant.

Stacy W. McCormack (Jaklitsch Law Group, on the brief), Upper Marlboro, MD, for appellee.

Panel: WOODWARD, KEHOE, JAMES P. SALMON (Retired, Specially Assigned), JJ.

WOODWARD, J.

On March 27, 2012, appellee, Kadija Baffoe–Harding, filed the instant action against appellant, Aleksey Kulikov, in the Circuit Court for Prince George's County, Maryland, alleging negligence on the part of appellant in the operation of his motor vehicle that caused a motor vehicle-pedestrian collision on June 2, 2011, in Montgomery County, Maryland. In response, appellant filed a motion to dismiss or change the venue from Prince George's County to Montgomery County, because, according to appellant, Montgomery County was the only proper venue for the case. The circuit court disagreed, and denied appellant's motion on June 18, 2012. After the circuit court denied his motion for reconsideration, appellant appealed, and presents the following two questions for our review, which we have rephrased:

1. Can appellant immediately appeal the circuit court's denial of his motion to transfer for improper venue under Rule 2–327(b)?

2. If appellant's appeal is cognizable at this time, did the circuit court err in denying appellant's motion to transfer for improper venue under Rule 2–327(b)?

As explained below, we answer Question 1 in the negative, and thus dismiss the instant appeal. Consequently, we do not reach Question 2.

## BACKGROUND

On June 2, 2011, appellee was crossing Friendship Boulevard in Chevy Chase, Montgomery County, Maryland when appellant made a left turn and struck her with his car. Appellee filed a complaint alleging negligence in the Circuit Court for Prince George's County on March 27, 2012. In response, appellant filed on May 3, 2012, a Motion to Dismiss or in the Alternative to Transfer Action based on improper venue ("Motion to Dismiss/Transfer"). In an affidavit attached to the motion, appellant stated that "at the time [he] received the lawsuit papers," he (1) resided in Montgomery County, and (2) was not employed, did not carry on regular business, and did not habitually engage in a vocation in Prince George's County. Appellant also stated that the accident giving rise to the lawsuit occurred in Montgomery County. Thus, appellant argued, venue was only proper in Montgomery County under Maryland law. *See* Md. Code (2006, 2013 Repl. Vol.), §§ 6–201(a), 6–202(8) of the Courts & Judicial Proceedings (II) Article ("CJ").[1] Appellee did not oppose the motion.

By order dated June 18, 2012, the circuit court denied appellant's Motion to Dismiss/Transfer. On July 17, 2012,

---

1. Section 6–201(a) reads as follows:
   **General rule.**
   (a) *Civil Actions.*—Subject to the provisions of §§ 6–202 and 6–203 of this subtitle and unless otherwise provided by law, a **civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation.** Md. Code (2006, 2013 Repl. Vol.), § 6–201(a) of the Courts & Judicial Proceedings (II) Article ("CJ") (bold emphasis added). Section 6–202, one of the exceptions to CJ § 6–201(a), reads in relevant part:
   In addition to the venue provided in § 6–201 or § 6–203, the following actions may be brought in the indicated county:
   * * *
   (8) Tort action based on negligence—Where the cause of action arose[.]
   CJ § 6–202(8).

appellant filed a motion for reconsideration. Appellee again did not oppose the motion. By order filed on August 13, 2012, the circuit court denied appellant's motion for reconsideration. Appellant filed a timely notice of appeal on August 24, 2012.

## DISCUSSION

Appellant is appealing from the trial court's denial of his Motion to Dismiss/Transfer. The motion to dismiss was based on improper venue under Maryland Rule 2–322(a) ("Improper Venue (Dismiss) Motion"). The motion to transfer was based on improper venue under Rule 2–327(b) ("Improper Venue (Transfer) Motion") (collectively "Improper Venue Motion"). In the instant appeal, appellant does not claim that the trial court's denial of the Improper Venue (Dismiss) Motion is immediately appealable. Appellant focuses solely on the court's denial of the Improper Venue (Transfer) Motion.

Appellant recognizes that under the language of Maryland appellate opinions, a trial court's grant of an Improper Venue (Transfer) Motion and a motion to transfer for *forum non conveniens* under Rule 2–327(c) ("Inconvenient Forum Motion") are immediately appealable as final judgments, but the denial of these motions is not immediately appealable. Nevertheless, appellant contends that both the grant *and denial* of an Improper Venue (Transfer) Motion should be immediately appealable. Appellant reasons that the different treatment, for immediate appealability purposes, of the grant and denial of the motions is based on cases reviewing trial court rulings on Inconvenient Forum Motions, not Improper Venue (Transfer) Motions. Moreover, according to appellant, not allowing an immediate appeal when a trial court denies an Inconvenient Forum Motion "makes sense," because "venue is actually proper in both forums [sic]." Conversely, appellant asserts that the denial of Improper Venue (Transfer) Motion "has the harsh result of depriving [appellant] of his fundamental and substantial right to be sued in the county in which he resides."

In addition, appellant argues that equity and judicial economy considerations demand that he be able to immediately

appeal the denial of his motion, because otherwise he would be forced to go through the lengthy and expensive process of defending himself in a "foreign county," only to then re-litigate the matter in the proper venue. He further contends that "public cost[s]," including "maintaining court dockets, court congestion and the use of citizen's [sic] time for jury duty," should be considered in cases of improper venue, and that these costs favor the immediate appeal of all orders granting or denying an Improper Venue (Transfer) Motion. Thus, appellant claims that an immediate appeal should be allowed for the denial of an Improper Venue (Transfer) Motion.

Appellee counters that this Court recently examined and reaffirmed the different treatment, for immediate appeal purposes, of the grant and denial of an Improper Venue (Transfer) Motion. Appellee observes:

> [T]he current case law is absolutely clear that the denial of a Motion to Dismiss or Motion to Transfer filed pursuant to Maryland Rule 2–327(b) is not to be treated any differently than the denial of a Motion to Dismiss or Motion to Transfer filed pursuant to Maryland Rule 2–327(c).

According to appellee's reading of Maryland case law, Improper Venue (Transfer) Motions and Inconvenient Forum Motions can be the subject of immediate appeal only if granted. We agree with appellee.

### Improper Venue & Inconvenient Forum Motions

An Improper Venue (Dismiss) Motion is based upon Rule 2–322(a). Under Rule 2–322(a), the defense of improper venue "shall be made by motion to dismiss filed before the answer." Rule 2–322(a) further provides that, if such motion is not made and the answer is filed, the defense of improper venue is waived.[2] In the alternative, an Improper Venue (Transfer) Motion under Rule 2–327(b) gives the trial court the option to

---

2. Maryland Rule 2–322(a) applies in a similar way to the defenses of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process.

transfer the case, instead of dismissing it, where there is improper venue. Maryland Rule 2–327(b) states:

(b) **Improper venue.** If a court sustains a defense of improper venue but determines that in the interest of justice the action should not be dismissed, it may transfer the action to any county in which it could have been brought.

On the other hand, an Inconvenient Forum Motion is brought by a party under Rule 2–327(c), which provides:

(c) **Convenience of the parties and witnesses.** On motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice.

## The Case Law

In *Brewster v. Woodhaven Building & Development, Inc.*, the Court of Appeals addressed the issue of whether a trial court's grant of an Inconvenient Forum Motion is a final judgment and thus immediately appealable. 360 Md. 602, 606, 607–08, 759 A.2d 738 (2000). In *Brewster*, the plaintiffs were (1) the owners of riparian land along the Piney Run in Baltimore County, and (2) the Piney Run Preservation Association. *Id* at 606, 759 A.2d 738. The defendants included the developer of a housing development and shopping center in Carroll County, the home owners association for the housing development, and the owners of the shopping center.[3] *Id.* at 607, 759 A.2d 738. The Piney Run is a stream with its headwaters in Carroll County that flows from Carroll County across northern Baltimore County to the Loch Raven Reservoir. *Id.* The plaintiffs brought suit in Baltimore County alleging, *inter alia*, that the storm water runoff from the

---

3. The other defendants were the Town of Hampstead, Maryland, the County Commissioners of Carroll County, and Carroll County employees Myron R. Frock and James E. Slater, Jr. *Brewster v. Woodhaven Bldg. & Dev., Inc.*, 360 Md. 602, 607, 759 A.2d 738 (2000).

housing development and shopping center polluted the Piney Run and damaged the plaintiffs' property. *Id.*

Several of the defendants filed an Improper Venue (Dismiss) Motion, or in the alternative, an Inconvenient Forum Motion to transfer the case from Baltimore County to Carroll County. *Id.* at 607–08, 759 A.2d 738. The trial court granted the defendants' Inconvenient Forum Motion, but did not reach the defendants' Improper Venue (Dismiss) Motion. *Id.* The plaintiffs appealed the order of transfer, but this Court dismissed the appeal on the grounds that an order granting an Inconvenient Forum Motion is not a final judgment, and is thus not immediately appealable. *Id.* at 608, 759 A.2d 738.

Because the trial court's order did not settle the merits of the case, the Court of Appeals focused on the defendants' "narrower argument" that for an order to be a final judgment, "it must deny the party challenging it the ability to litigate the case in *any* forum." *Id.* at 610–11, 759 A.2d 738. The Court rejected this contention, stating:

> We have never explicitly stated that an inability to pursue the substance of a claim in any forum is a requirement of finality, and we reject this notion now. **An order putting the appellant out of every court is simply *one type* of instance of a final judgment. This proposition is entirely consistent with the proposition that an order putting an appellant out of a particular court is also a final judgment. It follows that an order transferring a case from one circuit court to another, for proper venue or for a more convenient forum,** and thereby terminating the litigation in the transferring court, **is a final judgment and thus immediately appealable. At the same time, an order denying a motion to transfer is not an immediately appealable final judgment, because the litigation may continue in the court issuing the order.**

*Id.* at 615–16, 759 A.2d 738 (bold emphasis added).

The Court found further support for its conclusion from the oft-stated purpose of the final judgment rule, that is, to avoid piecemeal appeals. *Id.* at 616, 759 A.2d 738. The reason for

avoiding piecemeal appeals, according to the Court, is to promote judicial efficiency, because repeated applications to the appellate courts interrupt the trial court process. *Id.* The Court explained:

> This sort of interruption cannot occur in a case in which a motion to transfer has been granted. In the transferring court, there are no longer any proceedings to interrupt, for the proceedings have been terminated. In the receiving court, the proceedings cannot be interrupted, because they have not yet begun. The case is otherwise when a motion to transfer is denied; to allow immediate appeal then would interrupt an ongoing trial court process. This difference justifies the distinction we make in allowing immediate appeal from the granting of a transfer order and disallowing immediate appeal from the denial of a transfer order.

*Id.*

Similar results occurred when the Court compared decisions on motions to *transfer* for improper venue or inconvenient forum with decisions on motions to *dismiss* for improper venue. *Id.* at 616–17, 759 A.2d 738. In the latter cases, the Court observed that "[a]n order granting such dismissal is immediately appealable, while an order denying it is not." *Id.* at 617, 759 A.2d 738. The Court concluded:

> With both a transfer order and a dismissal order, the party challenging the order is put out of the particular court that grants the order, while being left free to pursue the case in another court. In both situations, **there is no danger of interrupting an ongoing trial court process.** Conversely, when either a transfer motion or a dismissal motion is denied, the party challenging the court's order is not put out of court, and to permit an immediate appeal would be to interrupt the trial court's process.

*Id.* (emphasis added). Accordingly, the Court held that the transfer order on the Inconvenient Forum Motion "is an immediately appealable final judgment." *Id.* at 606, 759 A.2d 738.

It is clear that under *Brewster* an order granting an Inconvenient Forum Motion is an immediately appealable final judgment, but an order denying such motion is not. *Id.* at 615–16, 759 A.2d 738. The Court also reaffirmed the established principle that an order granting an Improper Venue (Dismiss) Motion is immediately appealable, but an order denying the same is not. *Id.* at 617, 759 A.2d 738. For our purposes in the case *sub judice*, the Court included language in its opinion expressly linking the immediate appealability, *vel non*, of an order granting or denying an Inconvenient Forum Motion to a similar order for an Improper Venue (Transfer) Motion. In other words, although not raised by the facts in *Brewster*, the Court stated that "an order transferring a case from one circuit court to another, *for proper venue* or for a more convenient forum ... is a final judgment and thus immediately appealable," while an order denying such a motion to transfer "is not an immediately appealable final judgment." *Id.* at 615–16, 759 A.2d 738 (emphasis added).

Within the past several years, this Court has reviewed trial court rulings on Improper Venue Motions and Inconvenient Forum Motions in two cases: *Payton–Henderson v. Evans*, 180 Md.App. 267, 949 A.2d 654 (2008) and *Smith v. Johns Hopkins Community Physicians, Inc.*, 209 Md.App. 406, 59 A.3d 1070 (2013). In *Payton–Henderson*, William J. Thomas, III, was seriously and permanently injured when he was struck by a random shot from a handgun that was fired into a crowd of students who were leaving the Randallstown High School in Baltimore County after a charity basketball game. 180 Md.App. at 271–72, 949 A.2d 654. Thomas and his mother, Edna Payton–Henderson, filed suit in the Circuit Court for Baltimore City, charging a number of defendants with negligent failure to have prevented the injury to Thomas. *Id.* at 272, 949 A.2d 654.

The defendants filed an Improper Venue (Dismiss) Motion, or in the alternative, an Inconvenient Forum Motion, the latter seeking to transfer the case from Baltimore City to Baltimore County. *Id.* The trial court denied the Improper Venue (Dismiss) Motion, because it determined that one of the

defendants was a resident of Baltimore City for purposes of the venue statute. *Id.* at 278, 949 A.2d 654. On the other hand, the court granted the Inconvenient Forum Motion, finding that the convenience of the witnesses and parties, as well as the interests of justice, warranted a transfer of the case to Baltimore County. *Id.* at 272–73, 287–94, 949 A.2d 654.

On appeal, Thomas and Payton–Henderson challenged the grant of the Inconvenient Forum Motion, while the defendants noted a contingent cross-appeal of the denial of the Improper Venue (Dismiss) Motion. *Id.* at 272–73, 278, 949 A.2d 654. This Court upheld the trial court's grant of the Inconvenient Forum Motion that transferred the case from Baltimore City to Baltimore County, thus rendering moot any review of the denial of the Improper Venue (Dismiss) Motion. *Id.* at 294, 949 A.2d 654.

In the course of affirming the grant of the Inconvenient Forum Motion, this Court, speaking through Judge Charles E. Moylan, Jr., addressed the issue of immediate appealability. *Id.* at 281–82, 949 A.2d 654. Judge Moylan wrote:

> [The] decision to transfer the case to Baltimore County on the ground of forum non conveniens was a final order within the contemplation of Courts and Judicial Proceedings Article, §§ 12–101(f) and 12–301. Although the *denial* of a motion to transfer a case would be only interlocutory and not immediately appealable, the *affirmative order of transfer* is susceptible to immediate appellate review.

*Id.* at 281, 949 A.2d 654.

Judge Moylan then cited to *Brewster* and quoted the same language quoted in this opinion linking the immediate appealability of an Improper Venue (Transfer) Motion with an Inconvenient Forum Motion, that is, " 'an order transferring a case from one circuit court to another, for proper venue or for a more convenient forum ... is a final judgment and thus immediately appealable,' " but " 'an order denying a motion to transfer is not an immediately appealable final judgment.' " *Id.*

(quoting *Brewster,* 360 Md. at 615–16, 759 A.2d 738) (emphasis omitted). Judge Moylan concluded:

> **Thus, for appealability purposes, venue issues and forum non conveniens issues are treated the same way.** In either legal context, the grant of a change of venue is immediately appealable; but the denial of a change is not.

*Id.* at 282, 949 A.2d 654 (emphasis added).

Like *Brewster,* this Court in *Payton–Henderson* was not confronted with an appeal of a grant or denial of an Improper Venue (Transfer) Motion. Yet, like the Court of Appeals, this Court saw no difference in the treatment, for immediate appealability purposes, of trial court decisions on an Inconvenient Forum Motion and an Improper Venue (Transfer) Motion.

This Court's most recent case on this subject is *Smith v. Johns Hopkins Community Physicians, Inc.,* 209 Md.App. 406, 59 A.3d 1070. In that case, the plaintiffs brought a medical malpractice and wrongful death action in the Circuit Court for Baltimore City against Johns Hopkins Community Physicians, Inc. *Id.* at 410, 59 A.3d 1070. The defendant filed an Inconvenient Forum Motion, seeking to transfer the case to Baltimore County. *Id.* The trial court granted the motion. *Id.*

On appeal, this Court, speaking again through Judge Moylan, reaffirmed the principle that, "although a denial of a transfer of venue is not immediately appealable, the granting of such a motion is." *Id.* at 411, 59 A.3d 1070. Although not confronted with an appeal of a ruling on an Improper Venue (Transfer) Motion, we stated that " 'for appealability purposes, venue issues and *forum non conveniens* issues are treated in the same way.' " *Id.* at 412, 59 A.3d 1070 (quoting *Payton–Henderson,* 180 Md.App. at 282, 949 A.2d 654). Thus, because the appeal in *Smith* was from the grant of an Inconvenient Forum Motion, we concluded that the appeal was properly before us. *Id.*

### Appellant's Response to the Case Law

Despite the aforementioned language of *Brewster, Payton–Henderson,* and *Smith,* appellant argues that the dismissal of

his appeal is not a forgone conclusion. Appellant correctly asserts that each of these cases addressed an immediate appeal from the grant of an Inconvenient Forum Motion, not an appeal from the grant or denial of an Improper Venue (Transfer) Motion. *See Smith,* 209 Md.App. at 409, 59 A.3d 1070; *Payton–Henderson,* 180 Md.App. at 294, 949 A.2d 654; *Brewster,* 360 Md. at 608, 759 A.2d 738. Regarding an Improper Venue (Dismiss) Motion, the Court of Appeals has allowed an immediate appeal from the grant of such a motion. *See Wilde v. Swanson,* 314 Md. 80, 83–88, 548 A.2d 837 (1988). Further, the Court has stated that the denial of an Improper Venue (Dismiss) Motion is not immediately appealable. *See Brewster,* 360 Md. at 617, 759 A.2d 738. Thus, neither this Court nor the Court of Appeals has had the opportunity to directly address the immediate appealability of a denial of Improper Venue (Transfer) Motion.

Nonetheless, now that the precise issue is before us, the well considered dicta of this Court and the Court of Appeals persuades us to decline appellant's request to extend immediate appeals to orders denying Improper Venue (Transfer) Motions. *See Jones v. Hurst,* 54 Md.App. 607, 613, 459 A.2d 219 (1983) (formally holding what had previously been suggested by dicta). This Court has distinguished between dicta with precedential value and mere dicta, or *"obiter dicta." See State v. Wilson,* 106 Md.App. 24, 35, 664 A.2d 1 (1995) (comparing "well considered, well researched, and well analyzed instances of even deliberate and conscious *dicta* " with "careless, casual, and passing instances of the most *obiter* of *dicta* "), *rev'd. on other grounds sub nom., Maryland v. Wilson,* 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997). The Court of Appeals has defined what is **not** *obiter dicta:*

> When a question of law is raised properly by the issues in a case and the Court supplies a deliberate expression of its opinion upon that question, such opinion is not to be regarded as *obiter dictum,* although the final judgment in the case may be rooted in another point also raised by the record.

*Schmidt v. Prince George's Hosp.,* 366 Md. 535, 551, 784 A.2d 1112 (2001) (cited with approval in *State v. Baby,* 404 Md. 220,

246, 946 A.2d 463 (2008)); *see also Wallace & Gale Asbestos Settlement Trust v. Carter*, 211 Md.App. 488, 526, 65 A.3d 749 ("Well considered *dicta*, of course, is sometimes very good and, therefore, of significant persuasive weight.") (citation omitted), *cert. granted*, 434 Md. 311, 75 A.3d 317 (2013).

The references to the immediate appealability of orders pertaining to Improper Venue (Transfer) Motions certainly qualifies as "well considered dicta" worthy of precedential weight. In *Brewster*, the Court of Appeals held that the grant of an Inconvenient Forum Motion was immediately appealable as a final judgment, because an order transferring a case from one circuit court to another terminates the litigation in the transferring court. 360 Md. at 615–16, 759 A.2d 738. The Court also stated that a denial of an Inconvenient Forum Motion is not immediately appealable, "because the litigation may continue in the court issuing the order." *Id.* at 616, 759 A.2d 738. Because the *exact same result* occurs from the grant/denial of an Improper Venue (Transfer) Motion, the Court included such motion in the language of its holding. *See id.* at 616–17, 759 A.2d 738. In addition, the Court observed that, to allow an immediate appeal of a denial of an Inconvenient Forum Motion "would interrupt an ongoing trial court process," thereby violating the rule against piecemeal appeals. *Id.* at 616, 759 A.2d 738. Again, allowing an immediate appeal from the denial of an Improper Venue (Transfer) Motion would have precisely the same effect.[4]

---

**4.** Appellant also argues that the risk of piecemeal appeals occurs in the context of *both granted and denied* Improper Venue (Transfer) Motions. Appellant asserts that after a *grant* of an Improper Venue (Transfer) Motion, "the possibility [exists] that a new appeal could lie with any decisions made *in the new court giving rise to the real and actual possibility of a second appeal.*" (Emphasis added). The risk of a "second appeal" in the court of transfer, however, is *not* the same as the risk of a "piecemeal appeal." As the Court of Appeals explained in *Brewster,* a piecemeal appeal interrupts an *"ongoing trial court process." Brewster,* 360 Md. at 616, 759 A.2d 738. A piecemeal appeal can only occur when an Improper Venue (Transfer) Motion is denied, because as a result of the denial, the case continues in the original trial court and an appeal at that juncture would interrupt the trial process. When an Improper Venue (Transfer) Motion is granted, the action in

In sum, the rationale advanced by the Court of Appeals in *Brewster* to support the immediate appealability of the grant of an Inconvenient Forum Motion and the non-appealability at that time of the denial of such motion also supports the same result for the grant/denial of an Improper Venue (Transfer) Motion. Accordingly, the language of *Brewster* linking the fate, for immediate appealability purposes, of a trial court's ruling on an Inconvenient Forum Motion to a similar ruling on Improper Venue (Transfer) Motion cannot be described as anything other than a "deliberate expression" of the Court's opinion on that issue.

Undeterred, appellant points to the language in our opinion in *Payton–Henderson* that, according to appellant, "acknowledges the inherent contrast" between an Improper Venue (Transfer) Motion and an Inconvenient Forum Motion. Appellant is mistaken.

In *Payton–Henderson,* this Court distinguished Improper (Transfer) Venue Motions from Inconvenient Forum Motions on the *substantive grounds* of (1) what a court can consider when deciding the motions, and (2) the scope of its discretion. 180 Md.App. at 276, 949 A.2d 654. Specifically, we noted that under the venue statute (CJ § 6–201) and rules (Rule 2–322(a) and 2–327(b)), once a plaintiff has chosen a proper forum, the trial court has no discretion to alter the plaintiff's decision based on a lack of venue. *Id.* at 280–81, 949 A.2d 654 (citing *Simmons v. Urquhart,* 101 Md.App. 85, 98–99, 643 A.2d 487 (1994), *rev'd on other grounds,* 399 Md. 1, 922 A.2d 554 (1995)). By contrast, under the *forum non conveniens* rule (Rule 2–327(c)), the trial court has the discretionary power to transfer

---

the original trial court ends, and thus cannot be interrupted. *See id.* Any "second" appeal that occurs in the court of transfer would be viewed by the Court of Appeals as an appeal in a wholly new matter, and not an interruption to an ongoing trial court process. *See id.* In other words, the Court of Appeals views the "whole" as the litigation in a *particular court,* and a "piecemeal appeal" as an interruption of that litigation; appellant, mistakenly, views the "whole" as *the entire litigation* between two parties, and a "piecemeal appeal" as any appeal that occurs during that process. Appellant's argument is thus without merit.

an action to another valid venue when certain conditions exist. *Id.* at 281, 949 A.2d 654. These substantive differences, however, do not affect the similarities in the motions on the procedural issue of immediate appealability, and on that issue we determined that these motions "are treated the same way." *Id.* at 282, 949 A.2d 654.

The thrust of appellant's argument is that an erroneous denial of an Improper Venue (Transfer) Motion "has the harsh result of depriving [appellant] of his fundamental and substantial right to be sued in the county in which he resides," and of forcing him "to defend himself in a foreign county knowing that after the expenditure of time and money that he will have to do it all over again in the proper venue." Appellant also points to the public costs needlessly expended in the improper venue. We recognize that as a result of our ruling, if Prince George's County is not in fact a proper venue, appellant will have to defend himself in a county not required of him by statute, and that county will bear the burden of the costs of hosting the litigation. We note, however, that the cost to appellant of litigating the case twice will not occur if he succeeds in the first trial. *See Pittsburgh Corning Corp. v. James,* 353 Md. 657, 665–66, 728 A.2d 210 (1999) (stating that the inconvenience of trying a case in one forum and then re-trying the case in another forum must be balanced against the potential outcome that, " 'if appellant were to prevail in [the current forum], the issue of transfer will become moot and will never have to be decided on appeal' ") (alteration in original) (quoting *Lennox v. Mull,* 89 Md.App. 555, 564, 598 A.2d 847 (1991)). In addition, appellee takes on a considerable risk of reversal by litigating this matter in what may be the improper venue, given that the determination of venue does not allow for any discretionary determination. *See Payton–Henderson,* 180 Md.App. at 276, 280–81, 949 A.2d 654.

Nevertheless, appellant's claim of adverse consequences flowing from the case law precedent that we follow here is not insubstantial. As a result, appellant asks us to change the common law. In *State v. Hawkins,* 326 Md. 270, 604 A.2d 489 (1992), the Court of Appeals stated that: "This Court has not

been reluctant to change the common law, and we have manifested our willingness to do so when we have found that a rule was not in the best interest of justice or that public policy called for a change." *Id.* at 292, 604 A.2d 489. We have recently stated, however, that "the declaration of the common law of Maryland ... is the primary function of the highest court in Maryland, the Court of Appeals." *Evergreen Assocs., LLC v. Crawford,* 214 Md.App. 179, 191, 75 A.3d 1038, 1045 (2013). In light of this principle, we decline to change the common law as appellant requests.

**APPEAL DISMISSED; APPELLANT TO PAY COSTS.**