*Tevin Moultrie v. State of Maryland*, No. 213, September Term 2017.  Opinion by Arthur, J.

**APPLICATION FOR LEAVE TO APPEAL – CONDITIONS OR SUBSTANTIVE LIMITATIONS**

This Court may grant an application for leave to appeal under Md. Rule 8-204(f)(5) and order further proceedings.  "Rule 8-204(f)(5) does not prohibit this Court from placing conditions or substantive limitations on our grant of an application for leave to appeal[.]" *Harding v. State*, 235 Md. App. 287, 295 (2017).  When this Court limits the grant of an application for leave to appeal to certain specific issues, the limitation ordinarily is binding.  In exceptional circumstances, the appellate panel may choose to review an issue that was not encompassed in the order granting leave to appeal.

In this case, the Court granted an application for leave to appeal "to address the two questions presented" in the application.  The appellate panel exercised its discretion not to entertain one additional question raised in the appellant's brief that had not been raised in the application for leave to appeal.

**INEFFECTIVE ASSISTANCE OF COUNSEL – RESPONSIBILTY TO PURSUE RULING ON MODIFICATION OR REDUCTION OF SENTENCE**

Md. Rule 4-345(e) allows criminal defendants to file a motion for modification or reduction of sentence, but provides that the circuit court may not revise the sentence after five years from the date that the sentence was imposed.  In this case, counsel filed a timely motion for modification or reduction of sentence on behalf of a juvenile defendant.  Counsel asked the court to hold the motion sub curia, but failed to pursue a hearing or ruling during the remainder of the five-year period.  This failure is both deficient and prejudicial because it resulted in the loss of an opportunity for reconsideration of the sentence.  Consequently, the defendant is entitled to belated hearing on the motion.

**INEFFECTIVE ASSISTANCE OF COUNSEL – MISINFORMING DEFENDANT ABOUT FACT MATERIAL TO LENGTH OF INCARCERATION**

A defendant receives ineffective assistance of counsel if counsel either misinforms or fails to inform the defendant about a fact material to the length of incarceration.  At sentencing in this case, defense counsel advised a juvenile defendant of his right to apply for sentence review by a three-judge panel.  Defense counsel erroneously advised the defendant that the three-judge panel might increase the sentence.  In fact, the three-judge panel could not increase the sentence because the court had already imposed the maximum sentence permissible under a binding plea agreement.  Because this deficient representation likely resulted in the defendant losing his opportunity to apply for sentence review, the defendant is entitled to pursue a belated application.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 213

September Term, 2017
_____

TEVIN MOULTRIE

v.

STATE OF MARYLAND
_____

Nazarian,
Arthur,
Eyler, James R.
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Arthur, J.
_____

Filed:  March 29, 2019

In 2008 Tevin Moultrie, age 16, pleaded guilty to second-degree murder and other related charges in the Circuit Court for Baltimore City. The court imposed the maximum sentence allowed under a binding plea agreement – 30 years' imprisonment.

In 2016 the court denied Moultrie's petition for post-conviction relief, and he appealed. He presents the following questions for appellate review:

1. Where defense counsel filed a timely motion for reduction of sentence pursuant to Rule 4-345 but never followed up to request a hearing or a ruling before the five-year period for reducing a sentence expired, did the postconviction court err in denying appellant's claim for relief based on ineffective assistance of counsel?

2. Where defense counsel incorrectly advised appellant that a three-judge sentence review panel could increase his sentence and appellant did not file an application for sentence review, did the postconviction court err in denying appellant's claim for relief based on ineffective assistance of counsel?

3. Did the postconviction court err in denying appellant's claims for relief based on ineffective assistance of counsel where defense counsel failed to correct or object to the circuit court's legal errors during the juvenile transfer hearing, and failed subsequently to request a transfer to the juvenile court for disposition?

For the reasons discussed below, we conclude that the post-conviction court erred in denying relief because of counsel's failure to pursue a hearing or a ruling on the motion to reduce the sentence. We also conclude that the post-conviction court erred in denying relief because of counsel's erroneous advice about a three-judge panel's ability to increase the maximum sentence allowed under a binding plea agreement. We decline to reach the merits of the third question.

**BACKGROUND**

Tevin Moultrie was born on November 19, 1991. On March 13, 2007, when he was not quite four months past his fifteenth birthday, Moultrie shot and killed another young man. As he ran from the police, Moultrie threw away a pistol. The gun went off when it hit the ground, and the police officers thought that Moultrie was firing at them.

The State charged Moultrie, as an adult, with the offenses of first-degree murder; conspiracy to commit first-degree murder; two counts of attempted first-degree murder, first-degree assault, and second-degree assault (apparently of the police officers who were pursuing him when he discarded the gun); and three counts of the illegal use of a handgun and of wearing or carrying a handgun. On June 12, 2007, when Moultrie was not quite 15 years and seven months old, the Circuit Court for Baltimore City denied his motion for a reverse waiver to transfer the case to the juvenile court.

On March 6, 2008, when Moultrie was 16 years and three months old, he pleaded guilty to second-degree murder, using a handgun in the commission of a crime of violence, and two counts of reckless endangerment. The plea agreement, to which the court bound itself, contemplated a 30-year cap on the total sentence, but permitted Moultrie to argue for less.

On October 7, 2008, about six weeks before Moultrie's seventeenth birthday, the court sentenced him to 30 years' imprisonment for second-degree murder, a concurrent 20 years (the first five years without the possibility of parole) on the handgun count, and concurrent one-year sentences on the reckless endangerment counts.

After the court imposed those sentences, Moultrie's counsel advised him about his

post-sentencing rights:

> [DEFENSE COUNSEL]:  You also have thirty days to file to ask a three-judge panel to review this sentence.  *They could raise it*.  They could lower it.  They could leave it the same.  Do you understand that, sir?
>
> THE DEFENDANT:  Yes sir.
>
> DEFENSE COUNSEL:  You have 90 days from today to file a motion for modification.  All of that must be in writing.  I will file it for you, and- possibly, maybe the Court could allow it to hold it [sic] *sub curia*.  Then maybe in a little while, in a few years, maybe we can hopefully come back and show the Court all the positive things you've done.  Okay, sir?
>
> THE DEFENDANT:  Yes sir.
>
> DEFENSE COUNSEL:  Mr. Moultrie, whatever you do, recognize you still are only 17 years old.  You've already been in almost two years.  Okay sir?  Recognize that if you continue to do the positive things that you do, and show the Court the positive, that you are going to be an asset to society, that maybe at that point in time, down the road, we can hopefully have this matter brought back in.  Do you understand that sir?
>
> THE DEFENDANT:  Yes sir.
>
> DEFENSE COUNSEL:  You recognize life is not over.  Do you understand that, sir?
>
> THE DEFENDANT:  Yes sir.

(Emphasis added.)

Under Md. Rule 4-344, Moultrie had 30 days after the imposition of the sentence to file an application for review of his sentence by a three-judge panel.  No application for review was filed.

Under Md. Rule 4-345(e), Moultrie had 90 days after the imposition of the sentence to file a motion asking the court to exercise its revisory power over the sentence.  Consistent with his comments at the sentencing proceeding, Moultrie's counsel filed a

3

timely motion to modify or reduce the sentence on December 24, 2008.  The motion

asked that it be held sub curia and that the court "[g]rant a hearing upon petition of

counsel[.]"  The court evidently agreed to hold the motion sub curia, because no further

action was taken on it.

Rule 4-345(e) prohibits a court from revising a sentence "after the expiration of

five years from the date the sentence originally was imposed[.]"  In Moultrie's case, the

five-year deadline ran on October 7, 2013.  Moultrie's counsel did not request a hearing

on his motion before the deadline ran.

On April 15, 2016, Moultrie filed a petition for post-conviction relief under the

Maryland Uniform Postconviction Procedure Act, Maryland Code (2001, 2008 Repl.

Vol.), §§ 7-101 to -109 of the Criminal Procedure Article.  As amended, Moultrie's

petition included assertions that he received ineffective assistance of counsel because his

trial counsel (1) did not request a hearing on the motion to modify before the five-year

deadline ran; (2) erroneously informed him that a three-judge panel could increase his

sentence if he filed an application for review under Rule 4-344; (3) failed to object to the

trial court's alleged errors at the reverse-waiver hearing; and (4) failed to request that the

case be transferred to the juvenile court for sentencing under § 4-202.2(a)(1) of the

Criminal Procedure Article.  In a written opinion and order, the post-conviction court

denied post-conviction relief.

Moultrie filed an application for leave to appeal in this Court.  In his application,

Moultrie argued that the post-conviction court erred only as to his claims that counsel

was ineffective in failing to request a hearing and a ruling on the motion for modification

4

of sentence under Rule 4-345(e) and in misinforming him that a three-judge panel could increase his sentence on an application for review under Rule 4-344. The application did not mention counsel's failure to object at the reverse-waiver hearing or counsel's failure to request that the case be transferred to the juvenile court for sentencing.

This Court granted the application for leave to appeal and transferred the case to the regular appellate docket. The order effectuating that transfer said, in pertinent part:

> It is this 13th day of December, 2017, by the Court of Special Appeals,
>
> **ORDERED**, that the above-captioned Application for Leave to Appeal be, and is hereby, GRANTED, and the case is hereby transferred to the regular appeal docket of this Court to address the two questions presented in Applicant's application for leave to appeal.

In his brief, Moultrie contends that the post-conviction court erred both for the reasons presented in his application for leave to appeal and for the additional reasons that the post-conviction court rejected – the failure to object to alleged errors at the reverse-waiver hearing and the failure to request a juvenile disposition at sentencing. Moultrie argues that those additional issues are properly before us even though he did not raise them in his application for leave to appeal, and even though the order does not encompass them.

## DISCUSSION

### I.

We must first decide what is, and what is not, properly before us. For the reasons explained below, we decline to consider the contentions that Moultrie did not include in his application for leave to appeal.

5

This Court granted the application for leave to appeal pursuant to Md. Rule 8-204(f)(5), which enables us to order further proceedings in accordance with Rule 8-204(g). Under Rule 8-204(g), those "[f]urther proceedings . . . shall be conducted . . . as if the order granting leave to appeal were a notice of appeal filed pursuant to Rule 8-202." Md. Rule 8-204(g)(1).

In *Harding v. State*, 235 Md. App. 287, 294 (2017), this Court recognized that if a notice of appeal sets forth the points that an appellant expects to argue, "we treat that language as surplusage[.]" *Id.* Consequently, in *Harding* we held that appellants may argue points that they did not raise in an application for leave to appeal, at least when the order granting leave to appeal contained no language limiting what the appellants could argue. *Id.* at 295. At the same time, however, we cautioned that "Rule 8-204(f)(5) does not prohibit this Court from placing conditions or substantive limitations on our grant of an application for leave to appeal[.]" *Id.* That cautionary language strongly implies that if this Court places a condition or limitation on the grant of an application for leave to appeal, as it did in the order granting the application in this case, the condition or limitation ordinarily should be treated as binding.[1]

Moultrie asserts that *Harding*'s cautionary language should not dictate the resolution of this case because, he says, it is "clearly dictum." He is correct that the

---

[1] In a decision that may have presaged *Harding*, the Court of Appeals granted the State's application for leave to appeal from an order granting a new sentencing hearing, but "did not limit the issues on appeal in any way." *State v. Thanos*, 325 Md. 160, 175 (1992). The Court permitted the defendant to argue alternative grounds for granting the new sentencing hearing even though those grounds were not in the State's application or in the defendant's cross-petition. *Id.* at 175-76.

language is technically dicta, because *Harding* did not involve an order that limited or conditioned the arguments that the appellant could raise on appeal. Nonetheless, it is persuasive dicta in that it is not only insightful and well reasoned, but is also closely connected to the question that was actually before the Court. "Well considered *dicta*, of course, is sometimes very good and, therefore, of significant persuasive weight." *State v. Wilson*, 106 Md. App. 24, 37, *cert. denied*, 340 Md. 502 (1995), *rev'd on other grounds, Maryland v. Wilson*, 519 U.S. 408 (1997); *accord Kulikov v. Baffoe-Harding*, 215 Md. App. 193, 205 (2013).

In our view, even though an appellant does not limit the scope of an appeal by filing a notice of appeal as to specific issues, this Court still has the ability to limit the scope of an appeal when it grants an application for leave to appeal. We, unlike an appellant, have the inherent authority to control our docket. *See Wynn v. State*, 388 Md. 423, 437 (2005). Furthermore, we have the discretion to deny an application for leave to appeal in its entirety without explaining why. *See* Md. Rule 8-204(f)(1); *Hernandez v. State*, 108 Md. App. 354, 365-66 (1996). On the principle that the greater includes the lesser, we see no reason why we cannot limit the grant of an application to the issues raised therein, or even a subset of those issues.

Ordinarily, when this Court limits the grant of an application for leave to appeal to certain specific issues, the limitation is binding both on the litigants themselves and on the appellate panel that reviews the briefs and decides the case. In exceptional circumstances, however, the appellate panel, in its discretion, may permit an appellant to raise an issue that was not encompassed in the order granting leave to appeal.

7

Without endeavoring to identify all of the circumstances that might accurately be described as "exceptional," we can say that they would certainly include the circumstances under which a panel of this Court could depart from a prior decision under the doctrine of the law of the case. Those circumstances include a change in the controlling authority or a conclusion that the earlier decision "was clearly erroneous and would work a manifest injustice." *Turner v. Housing Auth. of Baltimore City*, 364 Md. 24, 34 (2001). The prior decision should not be reconsidered simply because the appellate panel "has a different opinion or has changed its position." *Hawes v. Liberty Homes, Inc.*, 100 Md. App. 222, 231 (1994).

We see no exceptional circumstances in this case. In our discretion, therefore, we choose not to entertain the questions that Moultrie did not raise in his application for leave to appeal.

## II.

### A. Ineffective assistance of counsel generally

The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, and Article 21 of the Maryland Declaration of Rights, guarantee a defendant the right to counsel in a criminal proceeding. To ensure that the right to counsel provides meaningful protection, the right has been construed to require the "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

To establish a claim of ineffective assistance of counsel in violation of his constitutional rights, Moultrie must satisfy the two-prong test articulated in *Strickland*.

The first prong requires Moultrie to show that his counsel's performance was deficient because he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to Moultrie] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687. The second prong requires Moultrie to show that counsel's performance was so deficient that he was prejudiced by it. *Id.*

To satisfy the first prong, Moultrie must show that the acts or omissions of counsel were the result of unreasonable professional judgment and that counsel's performance fell below an objective standard of reasonableness considering prevailing professional norms. *Cirincione v. State*, 119 Md. App. 471, 484 (1998) (citing *Oken v. State*, 343 Md. 256, 283 (1996)); *see also Coleman v. State*, 434 Md. 320, 331 (2013). To satisfy the second prong, Moultrie must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694; *Harris v. State*, 303 Md. 685, 700 (1985).

Whether Moultrie received ineffective assistance of counsel is "a mixed question of fact and law." *State v. Purvey*, 129 Md. App. 1, 10 (1999). "[W]e will defer to the post conviction court's findings of historical fact, absent clear error." *Cirincione v. State*, 119 Md. App. at 485 (citation omitted). But we exercise our "own independent judgment as to the reasonableness of counsel's conduct and the prejudice, if any." *State v. Jones*, 138 Md. App. 178, 209 (2001); *accord Coleman v. State*, 434 Md. at 331.

**B.**

**Ineffective assistance of counsel in connection with the
motion for modification or reduction of sentence**

As previously stated, Md. Rule 4-345(e) permits a criminal defendant to file a motion for modification or reduction of sentence within 90 days after the imposition of the sentence. A criminal defendant has a right to counsel on such a motion. *See State v. Flansburg*, 345 Md. 694, 699-702 (1997).[2]

In *Flansburg* a defendant instructed his lawyer to file a motion for modification or reduction of sentence. *Id*. at 696. Notwithstanding the requests, however, the lawyer did not file the motion. *Id*. Hence, the defendant filed a petition for post-conviction relief, claiming that he was denied his right to the effective assistance of counsel because of the attorney's failure to file the motion. *Id*. at 697.

The Court of Appeals held that the defendant could pursue that claim under the Postconviction Procedure Act. *Id.* at 705. In reaching its decision, the Court reasoned that the defendant "had a right to expect that his request would be honored." *Id*. The Court also reasoned that "[c]ounsel's failure to abide by his client's wishes resulted in [the defendant's] loss of any opportunity to have a reconsideration of sentence hearing."

---

[2] Technically, *Flansburg* concerns an indigent defendant's right to counsel under the statute and rules that govern representation by the Office of the Public Defender. "[O]n equal protection principles," however, "a person with means to obtain his own lawyer has a right to representation by his own counsel which is equally as broad as an indigent's right under the Public Defender Act." *State v. Flansburg*, 345 Md. at 700 n.4. Moultrie was represented by a private attorney.

*Id.* As a remedy for that loss, the Court held that the defendant could file a belated motion for reconsideration of his sentence. *Id.*

Following *Flansburg*, this Court has held that if a defense attorney fails to comply with a criminal defendant's request to file a motion for modification or reduction of a sentence, the defendant is entitled to pursue a belated motion for modification or reduction of a sentence without proof of prejudice. In *Matthews v. State*, 161 Md. App. 248, 252 (2005), this Court wrote that it was "implicit" in *Flansburg* that "[t]he failure to follow a client's directions to file a motion for modification of sentence is a deficient act, and such a failure is prejudicial because it results in a loss of any opportunity to have a reconsideration of sentence hearing." "Accordingly, when a defendant in a criminal case asks his attorney to file a motion for modification of sentence, and the attorney fails to do so, the defendant is entitled to the post conviction remedy of being allowed to file a belated motion for modification of sentence, without the necessity of presenting any other evidence of prejudice." *Id.*; *accord Stovall v. State*, 144 Md. App. 711, 729 (2002) (holding that, to obtain right to file belated motion for modification of sentence, post-conviction petitioner did not need "to assert facts demonstrating a substantial possibility that the motion would be granted").

This case differs from *Flansburg* and *Matthews* in that Moultrie's attorney did not fail to comply with a request to file a motion for modification or reduction of the sentence. Instead, he filed the motion and asked the court to hold it sub curia, but failed to pursue a hearing or ruling during the remainder of the five-year period in which the court was empowered to decide the motion. Still, we see no material difference between

11

the failure to file a timely motion for modification and the failure to secure a timely ruling on the motion before the expiration of the five-year deadline in Rule 4-345(e). As Moultrie argues, "Maryland's appellate courts have repeatedly held that, where [a] party had a right to counsel, counsel's failure to comply with a deadline . . . constituted ineffective assistance of counsel, and the remedy was to allow belated compliance." Brief at 11-12 (citing *Flansburg v. State*, 345 Md. at 705; *Garrison v. State*, 350 Md. 128, 135 (1998); *Matthews v. State*, 161 Md. App. at 252; *Stovall v. State*, 144 Md. App. at 728-29).[3]

In contending that counsel's failure to pursue a hearing or a ruling does not entitle Moultrie to a belated hearing on his motion, the State points out that in *Flansburg* and *Matthews* the defendant asked the attorney to file a motion. In this case, by contrast, there is no affirmative evidence that Moultrie asked counsel to request a hearing or a ruling on the motion, but only a stipulation that trial counsel "does not recall communicating with Tevin Moultrie about requesting a hearing on the motion for modification during the five years that it was being held sub curia." According to the State, Moultrie's post-conviction claim fails because there is no evidence that the young man instructed his experienced counsel to request a hearing before the five-year deadline

---

[3] In denying Moultrie's petition, the post-conviction court appears to have misapprehended the relief that he sought. The court ruled that Moultrie was "not entitled to file a belated motion to modify sentence." Moultrie, however, did not seek to file a belated motion to modify or reduce his sentence: his counsel had already filed a timely motion. Instead, he sought a belated hearing on the motion.

in the rule.  The State's argument does not fully appreciate the respective obligations of an attorney and a client, particularly a youthful client like Moultrie.

In our view, it is completely unrealistic to expect a teenaged defendant to understand that he cannot count on his attorney to advise him about when it would be best to request a hearing on a motion to modify or reduce a sentence.  It is equally unrealistic to expect such a defendant to understand that a hearing will occur only if he himself initiates the process.  It is just as unrealistic to expect such a defendant to have an innate understanding that he will lose the right to a hearing unless he does something to ensure that it occurs within five years from his sentencing.  It is far more reasonable to expect that a defendant will rely on counsel both to advise him about when a hearing should be requested and to request the hearing before the running of any deadlines.

The State suggests that counsel's failure to request a hearing did not deprive Moultrie of a hearing, because, it says, the court might have acted on its own.  That suggestion, too, is totally unrealistic.  The Circuit Court for Baltimore City cannot be expected to keep track of unresolved motions to modify sentences and to schedule unrequested hearings on them before the expiration of the five-year deadline.  In any event, in Moultrie's motion for the modification or reduction of his sentence, Moultrie's counsel asked the court to grant him a hearing only "upon petition of counsel."

The State also suggests, largely in a footnote, that Moultrie himself could have requested a hearing.  That suggestion is unrealistic as well.  The record reflects that Moultrie's counsel never withdrew his appearance.  As a person who was represented by

13

counsel, Moultrie was required to communicate with the court through counsel. *See* Md. Rule 1-311.

Moultrie likens his case to *State v. Shoemaker*, 225 Md. 639, 641-42 (1961), in which the Court of Appeals granted the remedy of a belated appeal after the criminal defendant's original appeal had been dismissed because of his attorney's failure to transmit the record. The analogy has a great deal of merit. Just as it is insufficient for an attorney simply to note an appeal, so too is it insufficient for an attorney simply to file a motion for the modification or reduction of a sentence. Just as an attorney must take steps to ensure that an appeal is heard (by transmitting the record and filing a brief), so too must an attorney take steps to ensure that motion for modification or reduction of a sentence is heard, by requesting a hearing before the five-year deadline runs.

In summary, when counsel undertook to file the motion for modification or reduction of Moultrie's sentence, he undertook to ensure that the court would act on the motion before the expiration of the five-year deadline. Because of counsel's failure to fulfill that undertaking, Moultrie is entitled to a belated hearing on his motion, provided that he requests the hearing within 30 days of the issuance of the mandate in this appeal.[4]

---

[4] In *Schlick v. State*, 238 Md. App. 681, 691 (2018), *cert. granted*, 462 Md. 261 (2019), this Court commented on the "potential conflict" between § 7-103 of the Criminal Procedure Article, which permits a person to file a post-conviction petition up to 10 years after the sentence was imposed, and Rule 4-345(e)(1), which prohibits a court from revising a sentence "after the expiration of five years from the date the sentence originally was imposed." The State does not argue that, when a timely post-conviction petition establishes a person's entitlement to a belated hearing on a motion to modify or reduce a sentence, a court is precluded from conducting such a hearing if more than five years have passed since the sentence originally was imposed. Consequently, we do not consider that argument.

14

## C.

**Ineffective assistance of counsel in connection with the
application for review of sentence by a three-judge panel**

In general, under § 8-102(a) of the Criminal Procedure Article, if a criminal defendant receives a sentence that exceeds two years in a correctional facility, as Moultrie did, he or she may apply for review of the sentence by a three-judge panel. Under § 8-103(a) of the Criminal Procedure Article, a defendant has a right to counsel in determining whether to seek sentence review and in filing an application for sentence review. Rule 4-344 dictates the procedures that govern applications for sentence review.

When Moultrie was sentenced, his counsel correctly advised him that he had the right to ask a three-judge panel to review his sentence, provided that he acted within 30 days. Moultrie's counsel, however, also advised him that the three-judge panel could raise the sentence, lower the sentence, or leave it the same. Although that advice is undoubtedly correct in most cases, it was incorrect in Moultrie's. Because the circuit court had imposed the maximum sentence permissible under the binding plea agreement (30 years), a three-judge panel could not increase Moultrie's sentence. *See Dotson v. State*, 321 Md. 515, 523-24 (1991) (holding that it is illegal for a three-judge panel to impose a sentence that is greater than the sentence in a plea agreement that was binding on the court).

In considering Moultrie's petition for post-conviction relief, the court concluded that Moultrie's trial counsel "was incorrect" in advising him that a three-judge panel could raise his sentence, and the State agrees. *See* Brief at 14 ("this advisement was

15

incorrect, as the prosecutor agreed at the post-conviction hearing"). Nonetheless, the post-conviction court concluded that Moultrie had not met his burden of showing that but for counsel's unprofessional errors, the result would have been different. In support of that conclusion, the court reasoned that when Moultrie entered his guilty plea, almost eight months before he was sentenced, the 16-year-old defendant had been told it would be illegal for the court to impose a sentence of more than 30 years. Because counsel had told his adolescent client that the sentencing court could not legally impose a sentence of more than 30 years when he entered a plea, the post-conviction court appears to have found it immaterial that counsel erroneously informed his client at sentencing that a three-judge panel could impose such a sentence.

The post-conviction court's reasoning is unpersuasive. At the time of sentencing, Moultrie's experienced trial counsel had obviously forgotten that a court could not legally impose a sentence of more than 30 years in this case: otherwise, why would counsel have told his client that a three-judge panel could "raise" the sentence? Yet if counsel himself had forgotten what he had said almost eight months earlier, it is simply untenable to suggest that his young client would remember it. Furthermore, even if Moultrie had somehow remembered what his counsel had previously said about *the sentencing court's* inability to impose a sentence of more than 30 years, it is entirely conceivable that the untutored, lay client[5] might have understood his counsel to mean that a three-judge panel had powers that the sentencing judge did not. In fact, a three-judge panel does have the

---

[5] In the motion to modify or reduce Moultrie's sentence, counsel wrote that Moultrie read at a second-grade level.

power to increase a sentence if the defendant has received less than the maximum sentence allowed by law. For all of those reasons, we reject the post-conviction court's conclusion that defense counsel's erroneous advice at sentencing was negated by the advice that he gave when Moultrie pleaded guilty eight months earlier.

Because the post-conviction court went directly to the question of prejudice, it seems to have assumed that counsel's erroneous advice meant that his performance was constitutionally deficient under the first prong of *Strickland v. Washington*. We agree that the performance was deficient. A criminal defendant does not receive effective assistance of counsel if his defense attorney *fails to inform* him about a fact material to the length of incarceration, such as a possible mandatory sentence. *Williams v. State*, 326 Md. 367, 376 (1992). By the same token, a criminal defendant does not receive effective assistance of counsel if his defense attorney *misinforms* him about a fact material to the length of incarceration, such as a three-judge panel's inability to increase the maximum sentence under a binding plea agreement.

In exercising our "own independent judgment" (*State v. Jones*, 138 Md. App. at 209), we are satisfied that Moultrie has shown both error and prejudice. Had counsel correctly informed Moultrie that a three-judge panel could reduce his sentence or leave it as it was, but could *not* increase the sentence, it is, at a minimum, reasonably probable that Moultrie would have filed an application for sentence review: he had nothing to lose and at least some possibility of gain. In those circumstances, it is difficult to envision why any reasonable person would *not* have filed an application for sentence review.

17

It remains to consider the remedy for counsel's prejudicial error in misinforming Moultrie about his right to have a three-judge panel review his sentence. We have held that, as a result of the error, it is reasonably probable that Moultrie lost his right to apply for a review of the sentence under Rule 4-344. The loss of the right to apply for the review of a sentence is much like the loss of the right to appeal when counsel fails to note a timely appeal and the loss of the right to ask a court to modify or reduce a sentence under Rule 4-345(e). In both instances, a potential remedy is extinguished because of counsel's error. In both instances, moreover, a defendant is entitled to pursue the remedy belatedly if he or she establishes ineffective assistance of counsel, as Moultrie has done in this case. *Garrison v. State*, 350 Md. at 135 (holding that the remedy for failing to file a timely appeal is a belated appeal and that the defendant need not show a likelihood of success on the merits of the appeal); *Matthews v. State*, 161 Md. App. at 252. Accordingly, we hold that Moultrie may pursue a belated application for sentence review under Rule 4-344, provided that he files the application within 30 days of the mandate in this appeal.

> **JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**